[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 8, 1997
The writ, summons and complaint for the present action were prepared and made returnable to the judicial district of New Haven on December 17, 1996. They were, however, filed erroneously in the judicial district of Waterbury, where the error in filing was not noted. The defendants filed the subject motion to dismiss on July 1, 1997. The plaintiff filed an objection on July 3, 1997.
The plaintiffs first objection alleges that the motion was untimely filed pursuant to Practice Book § 142 which provides that such motion to dismiss shall be filed within 30 days of the filing of an appearance. Defendant's counsel filed an appearance for "all defendants" on June 30, 1997. Plaintiffs counsel claims that defendant's counsel had filed an appearance on May 14, 1997. Were that the case, the motion to dismiss would not be timely filed pursuant to Practice Book § 142. Although plaintiffs' counsel submitted a copy of what he purports to be an appearance CT Page 3165 filed by defense counsel dated May 14, 1997, there is no such appearance in the court file. The court can only review those documents actually in the court file and cannot speculate as to the reason the May 14, 1997 appearance was not accepted or coded by the clerk's office. Therefore, the court finds that the motion to dismiss was timely made because it was filed one day after the appearance was filed with the court.
 General Statutes § 52-45a provides that [c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance . . .
In addition, General Statutes § 51-347 (8)(A) provides that "[Alny writ returnable to a judicial district . . . shall be filed with the clerk of the judicial district to which the writ is returnable as follows . . . at New Haven if returnable to the judicial district of New Haven at New Haven . . ." The defendants allege that the Waterbury court has no jurisdiction because the writ was improperly filed.
In Lada v. Schueler, Superior Court, judicial district of Ansonia/Milford at Milford. Docket No. 033578 (April 17, 1992) (Fuller, J.) (3 CONN. L. RPTR. 483), the court stated:
 [i]t is apparent from [General Statutes § 52-45a] that the legal process must state the court to which the action is returnable. Implicit in section 52-45a is that the legal process cannot direct the action to be returnable to one judicial district but filed in an other district. The plaintiffs had a choice between two judicial districts, but after electing the Fairfield Judicial District at Bridgeport, they could not return the action to another district, and the action was not properly commenced in accordance with the statutory requirements . . . The actual returning of the writ to court is what brings the action before the court and empowers the court to proceed, . . .
In Cherokee Explosives, Inc. v. Stone Construction Co., Inc., Superior Court, judicial district of Waterbury, Docket No. 124410 (April 12, 1995) (McDonald, J.) (14 CONN. L. RPTR. 192), the writ CT Page 3166 was returnable to one judicial district but incorrectly returned and filed in another. The court cited Lada, and granted the motion to dismiss but permitted the plaintiff two weeks to file a motion to transfer before entry of the dismissal. In the present action, the plaintiff could have filed a motion to transfer under Practice Book § 213 had the Waterbury clerk's office noted that the writ was filed with the wrong court. Practice Book § 213 provides:
 A clerk of the court of a judicial district or geographical area should not accept a civil cause which is made returnable to a judicial district or geographical area of which such person is not the clerk. If he does accept and enter such a civil cause, the clerk, upon discovery of the error, shall bring the matter to the attention of the court. The court shall then order the plaintiff to file a motion to transfer with such notice to the defendant as the court may direct. If the plaintiff complies, the motion to transfer shall be granted; but if the plaintiff fails to comply with the court order within a reasonable time, the court shall dismiss the action with costs.
In the present case the Waterbury clerk's office, which no doubt handled a great number of pleadings and writs during that day, did not note the error in filing. Such an omission on the part of a party not involved in the suit should not be fatal to the plaintiffs cause of action.
The plaintiff has filed a motion to transfer the case to the judicial district of New Haven. Therefore the motion to dismiss is denied and the motion to transfer is granted.
LEHENY, J.